termine which lamps should be cut off. The determination of such questions depends upon many facts which are present to the minds of the local board, but which cannot be mapped out to any court so clearly as to authorize the court to say that certain lamps were ordered placed by fraud, rather than by improvidence. Again, a legal difficulty exists. The allegation of the complaint is that these lamps were ordered to favor the defendant gas company, and to enable it to get large sums wrongfully from the town. But that this was not the sole motive would seem to be completely answered by the fact that Nostrand, as a member of the board, voted for every lamp ordered. Plaintiff will not claim that any corrupt motive of friendship to this company actuated him. His whole course of conduct negatives such a proposition. Then, too, there is no evidence of any collusion of the gas company in the different orders given for lamps. They were all ordered upon the petitions of a taxpayer of the different localities. There is no evidence that the gas company induced the making of those petitions, or in any way influenced the giving of directions for new lamps. No business relation is shown between any member of this board and any stockholder of this company. The whole case is barren of any evidence of fraud of the gas company concerned with the ordering of new lamps. As far as appears, the lamps were ordered in the interests of the owners of outlying lands. But, when so ordered, the gas company was required by the contract to place them. I have been firmly impressed upon this trial with the conviction that the placing of many of these lamps was improvident and wasteful of the funds of the municipality. Public officers who thus waste the funds of the taxpayers, for whom they are acting as trustees, should be taught in no uncertain way that their office is a trust which cannot be abused. The law has provided a way for the punishment of such abuses of trust, but it is not in this action.

The other question remains to be considered. Plaintiff asks to have declared illegal that clause in the contract wherein the board of improvement contract to give consent to no other company to lay its mains in the streets of New Utrecht. Without considering the merits of the question, I do not conceive that it is the province of the court in this action so to declare. If illegal, it is mere surplusage, and binds no one; and, as the expenditure of no money is involved in any rights therein assumed to be given, plaintiff needs no decree of the court to protect him. These views lead to the conclusion that the cause of action has not been proven, and the complaint is dismissed, but without costs. Complaint dismissed, without costs.

---

## TAUBE v. DRY-DOCK, E. B. & B. R. CO.

(City Court of New York, General Term. April 9, 1895.)

EVIDENCE—ADMISSIONS MADE OUT OF COURT—EFFECT.

In an action to recover damages for injuries received while getting off defendant's street car, evidence of admissions made out of court by plaintiff, that he fell while attempting to get off the car when it was in

motion, are not conclusive against plaintiff's right to recover, as he may, notwithstanding such admissions, prove that defendant was negligent, and that he was free from contributory negligence.

Appeal from trial term.

Action by Max Taube against the Dry-Dock, East Broadway & Battery Railroad Company. From an order setting aside a verdict in favor of defendant, and granting a new trial, defendant appeals. Affirmed.

The opinion of FITZSIMONS, J., at trial term, is as follows:

Defendant's counsel requested me to charge "that if the jury believe that the plaintiff made to Drs. Muscovitz and Michol the admission that has been proven in this case,—that he was getting off the car while it was in motion, and before it stopped,—that defendant is entitled to a verdict." I charged: "If he made that admission, and the jury believed it [i. e. that he made this admission], I charge you that in that event the verdict would have to be in favor of defendant." In effect, I charged that although, if the jury believed that plaintiff was entitled to a verdict because of defendant's negligence, and his freedom from contributory negligence, yet their verdict must be for defendant, if they believed that defendant stated to Drs. Muscovitz and Michol that he was injured by getting off the car while it was in motion. It seems to me that it is not necessary to cite any authorities, or indulge in any argument, to prove the error of such direction. Error is apparent on its face. Surely, the mere admission referred to, made out of court, could not have defeated a recovery by plaintiff of a verdict herein, providing he proved defendant's negligence, and that he was free from contributory negligence. Yet I so charged, and for that reason a new trial must be granted. Settle order upon notice.

Argued before EHRLICH, C. J., and VAN WYCK and Mc-CARTHY, JJ.

John M. Scribner, for appellant.
Grossman & Vorhaus, for respondent.

VAN WYCK, J. The order appealed from is affirmed, on the opinion of the trial justice filed February 19, 1895. All concur.

